## Case No. 1,832.

### In re BRENT.

[2 Dill. 129;[1] 8 N. B. R. 444; 18 Int. Rev. Rec. 159.]

Circuit Court, E. D. Missouri. March, 1873.

BANKRUPT ACT — FRAUDULENT PREFERENCE — WITHDRAWAL OF CONSENT TO DISCHARGE.

1. A creditor who has consented in writing to the discharge of the bankrupt under the fifty per cent. clause, and whose consent has been acted upon and filed, has no absolute right to withdraw or cancel it, though such right be claimed on the day fixed for the hearing.

[Cited in Re Seeley, Case No. 12,628.]

2. Section 29 [Act March 2, 1867; 14 Stat. 531], as to what frauds upon the bankrupt act will disentitle the bankrupt to a discharge, considered.

In bankruptcy. Petition for review under section 2 of the bankrupt act.

Edmund T. Allen, for opposing creditors.
Wm. C. Marshall, for bankrupt.

DILLON, Circuit Judge. 1. This is a petition to review the action of the district court, in refusing to allow certain creditors to withdraw their assent to the discharge of the bankrupt, and in overruling their specifications of the grounds of their opposition to such discharge.

Due steps were taken by the bankrupt to procure his discharge under section 29 of the act, and a time was appointed for the hearing of the application, and notice given to the creditors to appear and show cause, if any they had, why a discharge should not be granted. The assets not being equal to fifty per cent. of the claims proved against his estate, the bankrupt set about to obtain the written assent to his discharge of a majority in number and value of his creditors. who had proved their claims. The written assent of the requisite number was procured and filed by the bankrupt at the time fixed for the hearing of the application for discharge. At the time fixed for the hearing, two creditors who had signed their assent to the bankrupt's discharge appeared and objected to the discharge, and filed petitions to withdraw such assent, or have it held for naught. The petition to withdraw their assent was urged upon two grounds—first, as a matter of right, irrespective of any fraud practiced upon them in granting it; second, that the assent was procured by fraud, and given under a mistake of fact.

The second ground is not established by the evidence; and as to the first ground, I am of opinion that when a creditor has once given his assent in writing, and the bankrupt has acted upon it, and other creditors have given theirs and presumptively been influenced by each other's action in this respect, and the assent of the requisite number in value and amount is obtained and filed at the hearing, that a creditor thus assenting has no absolute right, even on the day fixed for the hearing, to withdraw or cancel his assent in writing. I see no error in the order of the district court in refusing the prayer of the opposing creditors in this respect.

2. It is urged by the opposing creditors that the district court erred under the proofs in overruling their objections to the bankrupt's discharge. The grounds of their objections were certain payments whereby it is alleged a portion of the creditors were preferred.

The bankrupt was a country merchant, usually carrying a stock of several thousand dollars. The evidence to establish the alleged fraudulent preference mainly consisted of the examination of the bankrupt before the register. In that he says he first discovered his insolvent condition on the 6th day of March, which was after the payments were made, now claimed to have been fraudulent. It is urged by the opposing creditors that the bankrupt was insolvent before this, and that he knew or had good reason to know it, and that payments made to creditors under such circumstances, though not made in contemplation of becoming a bankrupt, and though there was no actual design to prefer, deprive him of the right to a discharge. Without going into the evidence, it must suffice to state that it does not appear that the payments in question were made by Brent in contemplation of becoming a bankrupt. I think they were made in just the opposite contemplation—when he

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

was carrying on business, and in good faith expecting or hoping to keep along in it. These payments, with one exception of the trifling sum of twenty-six dollars, to his nephew, were made from time to time in December, January, and February, to his business creditors or on account of his business paper.

On reviewing the bankrupt's examination, it must be admitted that they were made when in point of fact his assets were not worth in cash the amount of his liabilities, and when he could not pay in money or otherwise than by borrowing, all of his liabilities as fast as they became due. But in this manner, that is, by part payments and by getting extensions, and by borrowing, and by the proceeds of sales and collections, he had for some time been keeping afloat; and I find that he made the payments in question to these various creditors in the bona fide, though, as it turned out, erroneous expectation that he could keep along, and with no actual design to favor or prefer those to whom such payments were made. Among the very last payments thus made was a payment on account of creditors who are actively opposing the discharge.

There is some difficulty in construing the twenty-ninth section of the bankrupt act in respect to the kind and degree of frauds upon the act which will disentitle the bankrupt to his discharge. But I am not prepared to hold that merely for taking too hopeful a view of his affairs, and for making payments in the course of his business with the bona fide, though mistaken, expectation that he can keep along without going into bankruptcy, there being no actual design to favor or prefer, the intention of congress was to deprive the party of the right to his discharge, if otherwise entitled to it. I therefore perceive no error in the action of the district court. Affirmed.

NOTE [from original report]. Nature of jurisdiction conferred upon the circuit court by the second section of the bankrupt act, and what may be reviewed, see Woods v. Buckewell [Case No. 17,991]; Marshall v. Knox (1872); 16 Wall. [83 U. S.] 551; Knickerbocker Ins. Co. v. Comstock, 16 Wall. [83 U. S.] 258; Morgan v. Thornhill, 11 Wall. [78 U. S.] 65; Mead v. Thompson, 15 Wall. [82 U. S.] 635; Hall v. Allen, 12 Wall. [79 U. S.] 452; Hawkins v. Hastings Nat. Bank [Case No. 6,245], and cases cited in note.